FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIE B.,<br><br>    Plaintiff,<br><br>    v.<br><br>KILOLO KIJAKAZI,<br>ACTING COMMISSIONER OF<br>SOCIAL SECURITY,<br><br>    Defendant. | No. 4:20-CV-05194-JAG<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 18. Attorney Chad Hatfield represents Marie B. (Plaintiff); Special Assistant United States Attorney Jeffrey Staples represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS IN PART** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## I.    JURISDICTION

Plaintiff filed an application for Supplemental Security Income on August 31, 2017, alleging disability since January 1, 2016, due to fibromyalgia, diabetes,

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . . - 1

neuropathy, thyroid issues, and lumbar lordosis. Tr. 69-70. The application was denied initially and upon reconsideration. Tr. 91-94, 98-100. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on February 5, 2020, Tr. 36-68, and issued an unfavorable decision on February 14, 2020. Tr. 15-25. Plaintiff requested review of the ALJ's decision by the Appeals Council and the Appeals Council denied the request for review on August 14, 2020. Tr. 1-5. Accordingly, the ALJ's February 2020 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 17, 2020. ECF No. 1.

## II. STATEMENT OF FACTS

Plaintiff was born in 1986 and was 31 years old when she filed her application. Tr. 69. She has a GED and a limited work history consisting primarily of short-term positions. Tr. 202, 215. She has alleged disability based on wide-spread body pain from fibromyalgia, limiting her ability to sit, stand, and walk. Tr. 207.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one

rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On February 14, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-25.

At *step one*, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At *step two*, the ALJ determined Plaintiff had the following severe impairment: obesity. *Id.*

At *step three*, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20. The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work, with the following limitations:

> She can stand and walk no more than two hours total, in combination, in an eight-hour workday; she is precluded from climbing ladders, ropes, and scaffolds, and can only occasionally climb ramps and stairs; she can frequently balance, stoop, kneel, crouch, and crawl; she cannot have concentrated exposure to extreme temperatures, wetness, humidity, vibration, or hazards (such as unprotected heights and moving mechanical parts).

Tr. 20.

At *step four*, the ALJ found Plaintiff had no past relevant work. Tr. 23.

At *step five*, the ALJ found that, considering Plaintiff's age, education, work experience and residual functional capacity, Plaintiff could perform jobs that existed in significant numbers in the national economy, specifically identifying the representative occupations of document preparer, table worker, and call-out operator. Tr. 24.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision. Tr. 24-25.

## VI.  ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal

standards. Plaintiff contends the Commissioner erred by: (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting severe impairments at step two and failing to call a medical expert to testify; (3) conducting an inadequate step three analysis; (4) improperly rejecting Plaintiff's subjective complaints; and (5) making inadequate step five findings.

## VII. DISCUSSION

A.  **Medical Opinion Evidence.**

Plaintiff argues the ALJ erred in evaluating the medical opinions from Dr. Vaughn and Dr. Batayola. ECF No. 17 at 9-14.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they considered the other factors, but is not required to do so, except

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 5

in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

### 1. *Dr. Vaughn.*

On January 22, 2016, Plaintiff's treating doctor James Daniel Vaughn completed a DSHS Workfirst form, noting Plaintiff's conditions of low back pain and bilateral hip pain, and opining that she was unable to lift over ten pounds, could not bend, climb, or stoop, and was unable to sit more than ten minutes at a time. Tr. 295. Dr. Vaughn stated Plaintiff was unable to participate in work or work preparation activities, and would be so limited for six months. Tr. 295-96.

The ALJ found this opinion was not persuasive because the statement was completed 18 months before the relevant period in the claim. Tr. 22.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 6

Plaintiff argues the ALJ erred, as the alleged onset date for the claim was the same month Dr. Vaughn completed his statement, and further asserts that the record supports her conditions existed back to this point.  ECF No. 17 at 13-14.  Defendant argues the ALJ reasonably considered the claim from the filing date forward, as Supplemental Security Income benefits are not payable prior to the protected filing date.  ECF No. 18 at 16-17.  Because Dr. Vaughn's opinion did not concern that period, Defendant argues, the ALJ reasonably found it unpersuasive.  *Id.*

The Court finds the ALJ erred.  Plaintiff alleged onset of her disability on January 1, 2016.  Tr. 69.  Dr. Vaughn completed his opinion on January 22, 2016.  Tr. 297.  Therefore, the opinion is within the relevant period.  *See Pacheco v. Berryhill*, 733 Fed. Appx 356, 360 (9th Cir. 2018) ("evidence that predates the claimant's application date but postdates the alleged onset date is pertinent to the alleged period of disability").  While Supplemental Security Income benefits are not *payable* prior to the protected filing date, the regulations acknowledge that a claimant may meet the requirements of disability prior to the filing date, and that the Agency will develop the complete medical record for at least the twelve months preceding the month in which the application is filed, unless circumstances indicate earlier development is unnecessary.  20 C.F.R. §§ 416.335, 416.912(b).

The Court further notes that the ALJ did not discuss the supportability or consistency factors in assessing the persuasiveness of Dr. Vaughn's opinion.  On remand, the ALJ shall reconsider the opinion, articulating how those factors were considered.

2.  **<u>Dr. Batayola.</u>**

Plaintiff's treating physician, Dr. Charles Batayola, completed a medical source statement in January 2020, in which he noted Plaintiff's primary diagnosis of fibromyalgia with symptoms of back and shoulder pain, leg pain, and frequent

headaches. Tr. 518. He opined Plaintiff needed to lie down every hour due to pain, was unable to walk without a walker, would be likely to miss four or more days of work from a full-time job due to daily pain and work exacerbating her symptoms, and would be off task over 30% of the time at work. Tr. 518-20. He further stated that she was severely limited and unable to meet the demands of even sedentary work, and was limited to occasional use of her hands and arms for handling and reaching. Tr. 519-20. He related the limitations back to 2016 and noted the fibromyalgia diagnosis and testing had been performed by a previous doctor, Dr. Cain. Tr. 520.

      The ALJ found this opinion was not persuasive. Tr. 22-23. He noted the opinion was a check-box form without significant justification for the limits, and found the limitations to be inconsistent with Plaintiff's own reports, the course of treatment she received, and Plaintiff's reports of exercise. *Id.* The ALJ further found the opinion to be less persuasive given his finding that fibromyalgia was not a medically determinable impairment and due to Dr. Batayola's seeming reliance on a diagnosis and exams that he never saw. *Id.*

      Plaintiff argues the ALJ's analysis was flawed given his seeming misunderstanding of fibromyalgia, and argues that the opinion must be read in context of Br. Batayola's treatment records and the record as a whole, which offer support for the limits assessed. ECF No. 17 at 9-13. She asserts the opinion is well-explained, consistent with treatment, and overwhelmingly supported by the actual evidence in the record, and argues the ALJ did not cite any records that cast doubt on Dr. Batayola's opinion. *Id.* Defendant argues the ALJ reasonably considered the consistency and supportability of the opinion, pointing to Dr. Batayola's lack of explanation and conflicts with the record as undermining the opinion's persuasive value. ECF No. 18 at 14-16.

The Court finds the ALJ reasonably discussed the most important factors of supportability and consistency.  The ALJ noted the check-box form lacked significant justification for the assessed limits, and found some of the limits to be more restrictive than Plaintiff herself reported, along with some of the symptoms not tracking with Plaintiff's pattern of reports, as discussed earlier in the decision.  Though Plaintiff offers an alternate interpretation of the evidence, the Court finds the ALJ's interpretation of the record is reasonable.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

However, as this claim is being remanded for further consideration of other evidence, the ALJ shall also reconsider Dr. Batayola's opinion in light of the entire record and any additional evidence that may be submitted.

**B.** **Step Two.**

Plaintiff argues the ALJ erred in finding fibromyalgia to be a non-medically determinable impairment and in failing to call on the services of the medical expert who was scheduled to testify.  ECF No. 17 at 14-16.[1]

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments.  20 C.F.R. § 416.920(a)(ii).  The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 416.921.  The claimant bears the burden of demonstrating that an impairment is medically

---

[1] Plaintiff also briefly asserts the ALJ completely ignored evidence of Plaintiff's carpal tunnel syndrome.  ECF No. 17 at 17.  However, the ALJ discussed this evidence and found the condition was non-severe as it did not meet the durational requirement.  Tr. 19.

determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). Social Security Ruling 12-2p discusses how fibromyalgia is to be evaluated, and sets forth the diagnostic criteria that can establish a medically determinable impairment of fibromyalgia.

The ALJ found the record did not establish sufficient evidence to find fibromyalgia to be a severe impairment. Tr. 18-19. He noted the diagnosis was based on testing and workup by a doctor whose records were not in the file, and that the objective evidence of other fibromyalgia-related symptoms was insufficient to establish the condition, and that there was no documentation of testing excluding other possible causes of Plaintiff's pain. *Id.*

Plaintiff argues the ALJ erred in numerous ways, including that the record contains evidence of fibromyalgia tenderpoint testing and that the ALJ himself discussed testing that ruled out other sources of rheumatological pain. ECF No. 17 at 14-15. She further asserts that the ALJ erred in failing to call on the services of the scheduled medical expert, effectively removing the possibility of a finding of listing-level equivalence of her various symptoms. *Id.* at 16. Defendant argues that because step two was resolved in Plaintiff's favor and the ALJ stated he was considering all symptoms regardless of their source, the finding that fibromyalgia was not medically-determinable was harmless at most. ECF No. 18 at 3. Defendant further notes that the decision to consult a medical expert is discretionary and only needed when the record is ambiguous or insufficient to make a decision, neither of which was the case here. *Id.* at 4.

The Court finds any error in finding fibromyalgia to be non-severe was harmless, as the ALJ did not conclude the analysis at step two and included numerous physical limitations in Plaintiff's residual functional capacity. Nonetheless, as this claim is being remanded for further consideration, the ALJ

shall reconsider each step of the sequential evaluation process, including considering any additional evidence that may be submitted.[2]

### C. Step Three.

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

Plaintiff argues the ALJ erred by failing to find her symptoms of fatigue and malaise, along with her marked limitations in performing daily activities, equaled the severity of Listing 14.09D. ECF No. 17 at 17-19. Defendant argues the evidence contradicts this assertion as Plaintiff frequently denied these symptoms. ECF No. 18 at 4-5.

Because this claim is being remanded for reconsideration of the medical opinion evidence and further development of the record, the ALJ shall also reconsider the five-step process, including whether any of Plaintiff's impairments meet or equal a listed impairment.

---

[2] Though not specifically addressed by the parties, it would appear that the records from Dr. Cain, the physician who performed Plaintiff's original fibromyalgia workup, would be vital to this case. Dr. Batayola's treatment records indicate that he intended to obtain those records (Tr. 316), and his reference to Dr. Cain by name and the tender point exam (Tr. 520) would seem to indicate that he did have access to the records. On remand, the parties should make every effort to fully develop the record.

ORDER GRANTING IN PART PLAINTIFF'S MOTION . . . - 11

#### D.     <u>Plaintiff's Subjective Statements.</u>

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 17 at 19-21.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21. The ALJ found the objective evidence and Plaintiff's level of activity did not support a more limited RFC than assigned, and found her allegations were undermined by her course of treatment, reports to her providers, her noncompliance with treatment, and her lack of work history even before her alleged onset date. Tr. 21-22.

Plaintiff argues the ALJ's analysis was insufficient, as he failed to consider her fibromyalgia flares, mischaracterized the record, and failed to consider that light exercise was the recommended treatment for fibromyalgia. ECF No. 17 at 19-21. Defendant argues the ALJ reasonably considered contradictory statements, noncompliance and conservative treatment, and Plaintiff's extremely poor work history in finding her allegations to be unsupported. ECF No. 18 at 6-9.

Because this claim is being remanded for reconsideration of other evidence, the ALJ shall also reconsider Plaintiff's subjective statements in light of any updated records and other findings.

E.     **Step Five.**

Plaintiff argues that the ALJ erred in his step five determination because the testimony of the vocational expert was premised on an incomplete hypothetical stemming from an inaccurate residual functional capacity determination. ECF No. 17 at 21. As the case is being remanded for the ALJ to properly address other issues, the ALJ will be required to make a new step five determination and call upon a vocational expert to provide testimony.

## VIII. CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for the payment of benefits. The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). The Court may award benefits if the record is fully developed, and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further development is necessary for a proper determination to be made. Additional administrative proceedings could remedy defects.

The ALJ's decision is not supported by substantial evidence. On remand, the ALJ shall reevaluate the medical evidence of record, making findings on each of the five steps of the sequential evaluation process, and take into consideration any other evidence submitted or arguments relevant to Plaintiff's disability claim. The Court makes no judgment as to the whether the record supports an award of benefits.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED IN PART**.

2. Defendant's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion.

5. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED**

DATED March 20, 2023.



JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE